**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DR. NORMAN HECHING, *et. al.*,

               Plaintiffs,            Civil Action No. 17-1192-TSC

    v.

SYRIAN ARAB REPUBLIC,

               Defendant.

DR. NORMAN HECHING, *et. al.*,

               Plaintiffs,            Civil Action No. 17-1659-TSC

    v.

ISLAMIC REPUBLIC OF IRAN,

               Defendant.

[Proposed]
**<u>MEMORANDUM OPINION</u>**

These related actions were brought under the terrorism exception to Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A (the "Terrorism Exception"). The plaintiffs in these actions are U.S. citizens whose relatives were killed, or who were themselves injured, in a terrorist attack carried out in a Jerusalem synagogue on November 18, 2014 (the "Attack").

On March 5, 2023, the Court entered a Memorandum Opinion finding the defendants, Syrian Arab Republic ("Syria") and Islamic Republic of Iran ("Iran"), liable for the Attack under FSIA § 1605A. (17-cv-01192, ECF 28; 17-cv-1659, ECF 30) (the "Memorandum Opinion").[1] The

---

[1] Identical filings have been made under both case numbers. Unless otherwise specified, citations herein will refer to the docket numbers in the first-filed case, 17-cv-1192.

Memorandum Opinion found that the plaintiffs had properly served both Iran and Syria, and that default had been entered against both Defendants. (17-cv-1192, ECF No. 28 at 2.[2]). The Court also found that both defendants had provided material support and resources to the Popular Front for the Liberation of Palestine ("PFLP"), which carried out the Attack, (*id*. at 4-5); that the Court had subject matter jurisdiction over these actions pursuant to the Terrorism Exception (*id*. at 7-10); that the Court may exercise personal jurisdiction over both defendants (*id*. at 11); and that both defendants were liable for the Attack (*id*. at 11-12). However, the Court withheld entry of final judgment pending findings as to the amount of damages. *Id*.

The Court then appointed a Special Master to prepare reports and recommendations regarding compensatory damages. (ECF 30). On May 11 and May 14, 2025, the Special Master submitted his Reports and Recommendation.

Plaintiffs filed notices waiving objections to the Special Master's Reports and Recommendations (ECF 46, 50), and an Expedited Motion to Adopt the Special Masters' Reports and Recommendations on Compensatory Damages, and for Entry of Final Default Judgment. (ECF 53). On _____ the Court entered an Order and Final Judgment (ECF ___), which adopted the Special Master's compensatory damages recommendations and granted a final judgment in favor of the plaintiffs and against the defendants, in the amounts recommended by the Special Master. That Order and Final Judgment also awarded the plaintiffs punitive damages, in sums equal to their respective compensatory damages awards, multiplied by 3.4.

The purpose of this Memorandum Opinion is to address the reasoning and rationale underlying the Court's Order and Final Judgment.

---

[2] The Court also noted that twenty-one plaintiffs had earlier voluntarily dismissed their claims. (17-cv-1192, ECF 28 at 2).

**DISCUSSION**

**<u>Compensatory Damages</u>**

Rule 53(f)(2) of the Federal Rules of Civil Procedure provides in relevant part that a "party may file … a motion to adopt … the master's order, report, or recommendations." The plaintiffs requested that the Court adopt the Special Master's Reports and Recommendations in toto.

Fed. R. Civ. P. 53(f)(3)-(4) provide that *objections* to a special master's factual findings and conclusions of law are subject to *de novo* review. Rule 53(f)(5) provides that a special master's rulings on *procedural* matters are reviewed only for abuse of discretion. Fed. R. Civ. P. 53(f). Though Rule 53 is silent regarding the standard of review to be applied in the absence of objections or upon a motion to adopt a special master's report and recommendation, courts consistently hold that special masters' reports and recommendation to which no objections have been filed are reviewed under a "clearly erroneous" standard. *See Crocs, Inc. v. Joybees, Inc.*, No. 1:21-CV-02859-GPG-SBP, 2024 WL 5055591, at *1 (D. Colo. Nov. 13, 2024) (citing cases); *Multiple Energy Techs., LLC v. Under Armour, Inc.*, No. 2:20-CV-664-NR, 2024 WL 4784112 (W.D. Pa. Nov. 14, 2024); *Daedalus Blue, LLC v. Microstrategy Inc.*, No. 2:20CV551 (RCY), 2023 WL 6221774 (E.D. Va. Sept. 25, 2023) (citing cases); *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, No. 17 CIV. 1580 (LGS), 2020 WL 1329354, at *1 (S.D.N.Y. Mar. 23, 2020). The "clearly erroneous" standard affords "great deference" to the recommendation, which may be deemed "clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *P.J.E.S. by & through Escobar Francisco v. Wolf*, 502 F. Supp. 3d 492, 507 (D.D.C. 2020) (citations omitted).

The Special Master's detailed and persuasive Reports and Recommendations in this case easily meet this standard. None of the Special Master's findings are clearly erroneous. Indeed, they are entirely reasonable. The Special Master reviewed sworn testimony, expert declarations and extensive additional evidentiary materials submitted by the plaintiffs. The Reports and Recommendations discuss the facts relevant to the damages award for each plaintiff and thoroughly analyze those facts under the legal framework established in prior state-sponsor-of-terrorism cases, which are cited extensively by the Special Master. For each plaintiff, the Special Master awarded compensatory damages that are squarely in line with the standard awards granted in the numerous judgments issued in this District under the Terrorism Exception. *See e.g., Nahadi v. Islamic Republic of Iran*, No. 23-CV-601, 2025 WL 1207074 (D.D.C. Apr. 25, 2025); *Selig v. Islamic Republic of Iran*, 573 F.Supp.3d 40, 64 (D.D.C. 2021), *citing*, *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). .

The Court therefore adopted the Special Master's Reports and Recommendations, and awarded the plaintiffs the compensatory damages awards recommended by the Special Master.[3]

**Punitive Damages**

In accordance with his mandate, the Special Master made recommendations regarding compensatory damages only. However, FSIA § 1605A(c) also authorizes courts to award punitive damages. *See* 28 U.S.C. § 1605A(c). "[S]everal approaches have been articulated for calculation of the appropriate amount of punitive damages in state-sponsored terrorism cases," including

---

[3] The Court notes that the Special Master, Mr. Alan Balaran, has served with distinction in many similar terrorism cases in which the judges of this court have adopted his reports and recommendations without modification. *See e.g.*, *Doe A-1 v. Democratic People's Republic of Korea*, No. 18-CV-0252, 2021 WL 723257, at *2, n.1 (D.D.C. Feb. 24, 2021) (citing cases adopting, without modification, Mr. Balaran's Reports and Recommendations).

"multiplying the compensatory damages award by a number between one and five." *Nahadi v. Islamic Republic of Iran*, No. 23-CV-601, 2025 WL 1207074, at \*8 (D.D.C. Apr. 25, 2025). In *DiBenedetto v. Islamic Republic of Iran*, No. 1:16-CV-02429-TSC, 2020 WL 820877, (D.D.C. Feb. 19, 2020), this Court awarded punitive damages using a multiplier of 3.44. *Id*. at \*3.

These actions arise from a brutal axe and shooting attack on innocent worshippers in a synagogue, who were in the midst of conducting their morning prayers. That attack was horrific and exceedingly repugnant, and punitive damages are therefore appropriate here as a deterrent against Iran and Syria. For that reason, the Court's Order and Final Judgment awarded the plaintiffs punitive damages, by multiplying their respective compensatory damages award by 3.4.

Dated: _____

_____
Tanya S. Chutkan
United States District Judge